IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00473-BNB

SCOTT ADAMS and
ALLISON ADAMS,

      Plaintiffs,

v.

ANTHONY DECKER, aka
"TONY" DECKER, and
RACHELLE DECKER,

      Defendants.

---

## ORDER FOR SUMMARY REMAND

---

Defendants, Anthony Decker and Rachelle Decker ("the Deckers"), have filed *pro se* a notice of removal (ECF No. 1) pursuant to 28 U.S.C. § 1441 that neither Defendant has signed, and a complaint titled "Plaintiff's [sic] Original Complaint for Damages & Application for Injunctive Relief" (ECF No. 4), which is filed and signed only by Anthony Decker and attempts to assert jurisdiction based upon 28 U.S.C. § 1346, *id.* at 2, which is inapplicable to this lawsuit because the United States is not a defendant.

The notice of removal includes a copy of a "Complaint (Unlawful Detainer)" (ECF No. 3) lacking a state court case number that was filed against the Deckers in the County Court for Arapahoe County, Colorado.  The Deckers have removed the Arapahoe County case to this Court.  Neither Defendant has paid the $350.00 filing fee or filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. However, the action will not be summarily remanded for these deficiencies.

The Court must construe the papers filed by the Deckers liberally because they are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be remanded to the state court.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  "[T]here is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."  *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

The Deckers have failed to file a notice of removal that provides a short and plain statement of the grounds for removal.  In the notice, the Deckers assert jurisdiction based upon 15 U.S.C. § 1682 *et seq.*, which apparently refers to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, but the state "Complaint (Unlawful Detainer)" (ECF No. 3) alleges that Defendants are indebted to Plaintiff for past-due rent.  These allegations bear no apparent relation to the FCRA, which was enacted to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.  *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007).

As a result, Defendants' allegations fail to provide a short and plain statement of the federal question that supports removal of this action.  Furthermore, in order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The copy of Plaintiffs' complaint (ECF No. 3), which seeks to collect a debt, does not demonstrate the existence of a federal question.  Instead, it appears that the Deckers may be seeking to remove this action because they intend to raise a federal defense.  *See* ECF No. 1 at 2.  However, except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."  *See Johnson*, 404 F.3d at 1247.

For these reasons, the Court finds that the notice of removal is deficient and that the Court lacks subject matter jurisdiction.  As a result, the instant action will be remanded summarily to the state court.  *See* 28 U.S.C. § 1447(c).

Accordingly, it is

ORDERED that this action is remanded summarily to the County Court for the County of Arapahoe, Colorado.  It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the County Court for the County of Arapahoe, Colorado, 1790 W. Littleton Blvd., Littleton, CO 80120.

DATED at Denver, Colorado, this __28th__ day of __February__, 2013.

BY THE COURT:


     s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court